IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANIE J. EWING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-11-1200-C |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On November 24, 2008, Plaintiff filed her application for Supplemental Security Income Benefits. In that application she alleged a disability onset date of March 1, 2005. She later amended that date to November 24, 2008. Plaintiff's application was denied at the initial and reconsideration levels and on December 7, 2010, she appeared for a hearing before an Administrative Law Judge ("ALJ"). On December 22, 2010, the ALJ entered an unfavorable decision denying the request for benefits. Plaintiff sought and received a request for review with the Appeals Council and her appeal was denied by a decision dated September 16, 2011. Plaintiff then filed the present action seeking District Court review of the denial of her request for benefits.

The ALJ applied the five-step sequential process to determine whether or not Plaintiff was eligible for benefits. At step two of that process the ALJ determined that Plaintiff had the following impairments which have been defined as severe: depression, bipolar disorder, anxiety, panic attacks, a thyroid disorder, degenerative disk disease of the lumbar spine, and drug abuse. (Dkt. No. 12, Ex. 2, p. 25.) At step three, the ALJ determined that Plaintiff did

not meet or equal any of Social Security listings as described in 20 C.F.R. pt. 404, subpt. P, app. 1. (Dkt. No. 12, Ex. 2, p. 27.) At step four, the ALJ determined that Plaintiff had the following residual functional capacity ("RJC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except marked limitations in the ability to understand, remember and carry out detailed instructions; and interact appropriately with the general public. She also has moderate limitations in the ability to work in coordination with or proximity to others without being distracted by them.

(Dkt. 12, Ex. 2, p. 29.) At step five the ALJ then determined that Plaintiff was unable to perform any of her past relevant work. After considering Plaintiff's age, education, transferable skills, and RFC, he determined that there were jobs existing in significant numbers in the national economy that Plaintiff was capable of performing. Therefore, the ALJ determined that Plaintiff was not disabled and denied her request for benefits.

In pursuing her appeal here, Plaintiff argues that the ALJ's determination of her RFC is not supported by substantial evidence. Plaintiff asserts that the ALJ failed to properly value or weigh the assessment of her treating psychiatrist, Dr. Vaidya. As Plaintiff notes, on February 26, 2009, Dr. Vaidya completed two forms submitted by Social Security. Those forms identified the current functioning of Plaintiff as evaluated by Dr. Vaidya. Plaintiff argues that if those forms were properly considered, then the ALJ should have found that she was incapable of performing work. According to Plaintiff, because Dr. Vaidya was her treating physician, that opinion was entitled to be given more weight than medical opinions from other sources, and because the ALJ did not follow procedure for evaluating a treating

physician's opinion and rather endorsed the opinion while ignoring parts of it, the ALJ erred in his denial of Plaintiff's request for benefits.

As Defendant notes, Plaintiff's challenges to the ALJ's process are unfounded. The transcript of the proceeding and the ALJ's determination make clear that the ALJ gave appropriate consideration to the opinions of Dr. Vaidya.[*] Indeed, the ALJ noted that the evaluations on which Plaintiff chooses to rely were based on visits done in 2009. However, after the date those forms were completed, and continuing through December 2010, Dr. Vaidya's records indicate a marked improvement in Plaintiff's functional capacity. The ALJ noted that progress and considered Plaintiff's capacity for work at the time of the hearing, as opposed to her capacity from medical evaluations more than a year earlier. Accordingly, the Court finds that Plaintiff's argument that the ALJ improperly valued or weighed Dr. Vaidya's opinion is without merit. Rather, the Court determines that the ALJ gave an appropriate consideration of all of the evidence from Dr. Vaidya and when that evidence is coupled with the other evidence presented, the ALJ properly determined that Plaintiff was not disabled.

Plaintiff's second argument is that the ALJ erred in failing to include some additional limitations regarding her ability to work. Plaintiff argues that she offered evidence at the hearing demonstrating that her treatment schedule would make adhering to a regular work schedule difficult, if not impossible. However, as Defendant notes, the inability to work due

---

[*] Dr. Vaidya is a psychiatrist at Edwin Fair Community Mental Health Center.

to frequent absenteeism must be established by more than Plaintiff's own testimony. Further, the Plaintiff's testimony at the hearing did not relate those absences to the impairment for which she was seeking disability. Finally, Plaintiff's testimony simply assumed that she would be required to miss an entire work day for her appointments, rather than recognizing that her work schedule could be adjusted around those appointments. See Barnett v. Apfel, 231 F.3d 687, 691 (10th Cir. 2000). Accordingly, the ALJ did not err in determining that Plaintiff's need for additional medical treatment would preclude her from engaging in employment.

Ultimately, at best, Plaintiff merely points out conflicting evidence which could have allowed the ALJ to reach a different result. As Defendant notes, the Tenth Circuit has held that as long as substantial evidence supports the ALJ's decision, the presence of contrary evidence does not provide a basis for reversal. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004)).

For the reasons set forth herein, the Court affirms the decision of the Social Security Administration in denying Plaintiff benefits. A separate judgment will issue.

IT IS SO ORDERED this 27th day of June, 2012.

ROBIN J. CAUTHRON
United States District Judge